# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 NOV -4  PM 4: 29

LORETTA G. WHYTE
CLERK

**IREONE D. WILSON,**
**PLAINTIFF**

NO.

**VERSUS**

SECT.

**BRETT S. CASIMER,**
**NEWELL NORMAND, individually**
**and in his official capacity as Sheriff**
**of the Jefferson Parish Sheriff's Office,**
**DEFENDANTS.**

# 10-4245
# SECT. F MAG. 2

## COMPLAINT

### JURISDICTION

1.

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, et seq., and arising under the law and statutes of the State of Louisiana and accordingly, the jurisdiction of this honorable court is invoked under 28 U.S.C. §1343.

2.

At this time the plaintiff, Ireone D. Wilson, is a resident of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana.

3.

Defendant, Brett S. Casimer, is a resident of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who at all times mentioned herein was a Deputy Sheriff and employed by the Jefferson Parish Sheriff's Office (hereinafter, "JPSO").



1

4.

At all times material hereto, the defendant, Brett S. Casimer, was employed as a Deputy Sheriff with a myriad of duties and responsibilities, but amongst these was to avoid an abuse of office under the color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana.

5.

At all times material hereto the defendant, Brett S. Casimer, acted under color of his official capacity as a Deputy Sheriff of the JPSO and the acts complained of were performed under color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana. He is sued individually and in his official capacity as a Deputy Sheriff of the JPSO.

6.

Defendant, Sheriff Newell Normand, is a resident of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who at all times mentioned herein was the Sheriff of the JPSO and, as such, he was the commanding officer of and responsible for the training, supervision and conduct of the officers of the JPSO as more fully set forth below. The JPSO is a constitutional office under color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana and pursuant to LSA-Const. Art. 14 § 3(c).

7.

At all times material hereto, the defendant, Newell Normand, was responsible by law for enforcing the regulations and policies of the JPSO and for ensuring that the JPSO officers obey the laws of the State of Louisiana.

8.

At all times material hereto, the defendant, Newell Normand, acted under color of his official capacity as the commanding officer of the JPSO and the acts complained of were performed under color of the statutes, ordinances, regulations, customs and usages of the

State of Louisiana.  He is sued individually and in his official capacity as the Sheriff for the JPSO.

9.

At all times material hereto, the defendants separately and/or in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana.  They have separately and/or in concert engaged in the illegal conduct herein mentioned to the injury of the petitioner and they have deprived the petitioner of the rights, privileges and immunities secured to her by the Fourteenth Amendment to the Constitution of the United States of America and the laws of the State of Louisiana.

10.

At all times material hereto, the defendants, some or all of them, acted with deliberate indifference to the plaintiff's plight.

COUNT 1

11.

On or about November 4, 2009, petitioner, IREONE WILSON, was stopped and detained for an alleged traffic violation by Deputy Sheriff Brett S. Casimer, and subsequently arrested and deprived of her freedom for an outstanding warrant.

12.

The defendant was on duty in uniform and armed, as well as operating a marked unit of the JPSO at the time of this incident.

13.

The plaintiff was placed by the defendant in the rear of a marked unit of the JPSO and handcuffed.

14.

The plaintiff was transported by defendant in a marked unit of the JPSO to 1525 Lapalco Blvd. at which time he demanded oral sex with the complainant.

15.

The plaintiff feared for her life, safety and well-being and performed oral sex on the defendant, who was armed with his service weapon when oral sex was performed.

16.

Following the heinous act, the defendant drove the plaintiff in a marked unit of the JPSO to an area nearby her residence and then released her from custody.

17.

On November 4, 2009, the defendant was arrested by Lt. Grey Thurman of the JPSO and charged with the crimes of La. R.S. 14:42 (Aggravated Rape) and La. R.S. 14:134.3 (Abuse of Office).  He was transported to jail and booked accordingly under Item No. K-2932-09.

18.

On February 18, 2010, a Grand Jury returned "A TRUE BILL" and, thereafter, the State of Louisiana filed a bill of information against the defendant on the charge of La. R.S. 14:42 (Aggravated Rape) in the 24th Judicial District Court, Parish of Jefferson.  The case was docketed No. 096028 and re-allotted to Division P, Hon. Judge Lee V. Faulkner.

19.

The defendant, Brett S. Casimer, acted outside the scope of his jurisdiction and without authorization of law did so willfully, knowingly, deliberately and purposely specifically intending to deprive the plaintiff of her right to freedom from illegal detention and imprisonment, her right to freedom of personal bodily integrity, and her right to freedom from sexual assault.  The defendant was a public servant given considerable public trust and authority.

20.

All of the foregoing rights are secured to the plaintiff by the provisions of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C. §1983, §1985 and §1988.

## COUNT 2

21.

The allegations contained in Paragraphs 1 through 20 above are incorporated herein as if set forth again in full.

22.

At all times material hereto, the defendant, Newell Normand, employed defendant, Brett S. Casimer, as a Duputy Sheriff with the JPSO. As such, this defendant is vicariously liable for defendant, Brett S. Casimer's actions under all applicable laws of the State of Louisiana including Civil Code Art. 2315 (Liability for acts casing damages) and Civil Code Art. 2317 (Acts of others and of things in custody).

## COUNT 3

23.

The allegations contained in Paragraphs 1 through 22 above are incorporated herein as if set forth again in full.

24.

The defendant, Newell Normand, in his official capacity as the Sheriff of the JPSO, breached a duty owed to your plaintiff by failing to staff the JPSO with adequately screened Deputy Sheriff officers and/or he failed to "weed-out" sexual predators from the ranks of the JPSO as evidenced from a historical, pattern and/or practice of indifference. He also failed to implement adequate and proper security measures to protect the plaintiff from sexual assault.

25.

The defendant, Newell Normand, in his official capacity as the Sheriff of the JPSO, failed to implement policies and procedures to properly train, supervise, discipline and control its officers, and to protect the public from sexually predatory officers.

## COUNT 4

### 26.

The allegations contained in Paragraphs 1 through 25 above are incorporated herein as if set forth again in full.

### 27.

As a direct and proximate result of the actions and inaction of all defendants, separately and/or in concert, the plaintiff was sexually assaulted and violated and/or battered, a crime under the laws of the State of Louisiana, and she suffered mental anguish and distress from then until now, and will continue to so suffer in the future. Plaintiff was caused to seek medical attention for injuries she sustained, suffered public humiliation and embarrassment, and she suffered damage to her reputation in the community.

### 28.

The plaintiff is entitled to and desires this Honorable Court award her damages sufficient to compensate her for the injuries and damages she received as well as all medical expenses incurred, past, present and future; mental pain and anguish, past, present and future; physical pain and suffering, past, present and future. The plaintiff is entitled to and desires this Honorable Court to award her any other damages to which she may be entitled under the laws and jurisprudence of the State of Louisiana for the violation of her civil rights and for personal injuries.

### 29.

The plaintiff demands a trial by jury on all issues triable of right by a jury in the within suit.

**WHEREFORE**, the plaintiff demands judgment against the defendants, jointly and severally, in an amount that exceeds the jurisdictional requirements of this honorable court, plus interest, attorney's fees and costs; and further demands such other and further relief as this honorable court may deem just, proper and equitable.

Respectfully submitted,

BRETT E. EMMANUEL
Trial Attorney (La. Bar No. 26023)
Post Office Box 19405
New Orleans, Louisiana 70179
Telephone: (504) 250-3607
Facsimile: (504) 483-8170
E-Mail: bemmanuelaw@aol.com

**PLEASE ISSUE SUMMONS:**

**BRETT S. CASIMER**
Parish of Jefferson Correctional Institution
100 Dolhonde Street
Gretna, Louisiana 70053-5801

**BRETT S. CASIMER**
827 Delia Lane
Gretna, Louisiana 70053

**SHERIFF NEWELL NORMAN**
Thru the Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70058

**SHERIFF NEWELL NORMAN**
Thru Daniel R. Martiny, Esq.
131 Airline Drive, Suite 201
Metairie, Louisiana 70001-6265